Argued March 28, affirmed April 16, 1918.

## IN RE WILL OF SUSANNA DUNN.*

(171 Pac. 1173.)

**Wills—Contest—Incompetency and Undue Influence.**

1.  In a proceeding to vacate an order admitting a will to probate on the ground that at the time of execution testatrix was mentally incompetent and unduly influenced, contestants have the burden to establish by a preponderance of the evidence that testatrix was mentally incompetent or that undue influence was exercised to bring about execution of the will.

[As to undue influence affecting wills, see notes in 21 Am. St. Rep. 94; 31 Am. St. Rep. 670.]

From Yamhill: HARRY H. BELT, Judge.

Department 1.

This proceeding was begun in the probate court for Yamhill County to vacate and set aside an order admitting to probate the last will and testament of Susanna Dunn, deceased, for the reason that at the time of the execution of the instrument the testator was mentally incompetent to make a will, and was unduly and wrongfully influenced therein by Florence Cole, a daughter, since deceased, and Albert Dunn, one

*On burden of proof as to testamentary capacity, see notes in 17 L. R. A. 494; 36 L. R. A. 724, 733.            REPORTER.

of the proponents of the will.   The heirs at law of the deceased, who are her sons and daughters and grandchildren, are all named in the instrument, to five of whom there is a bequest of $1 each; a bequest of $500 to one son, and these are followed by a residuary clause whereby the residue of her estate is left to Hattie Dunn, a granddaughter, Bertram Cole, a grandson, and Albert Dunn, a son, in equal shares.   S. S. Duncan is named as executor.   The estate was appraised at $6,857.81.

The executor and the residuary legatees joined in an answer to the petition of the contestants wherein they deny the material allegations of the petition and plead various matters by way of affirmative defense.

After a trial of the issues the probate court found that the testatrix was at the time of making the will of sound and disposing mind and memory and not under the undue influence of any person, and decreed that the petition be dismissed.   An appeal was then taken to the Circuit Court where, upon a *de novo* trial, such decree was affirmed and contestants have perfected an appeal to this court.                     Affirmed.

For appellants-contestants there was a brief and an oral argument by *Mr. Alfred P. Dobson.*

For respondents-proponents there was a brief over the names of *Mr. James E. Burdette, Mr. W. T. Vinton* and *Mr. F. W. Fenton,* with oral arguments by *Mr. Burdette* and *Mr. Vinton.*

BENSON, J.—1. We have carefully read the entire record in this case which is very voluminous and, without going into a detailed analysis of the evidence which would be altogether unprofitable, we have arrived at the same conclusion as that reached by the trial court.

The contestants have not established by a preponderance of the evidence that the testatrix was mentally incompetent or that any undue influence was exerted to bring about the execution of the will in controversy. It follows that the decree of the trial court must be affirmed and it is so ordered.          AFFIRMED.

McBRIDE, C. J., MOORE and HARRIS, JJ., concur.